no coercive action. If necessary, in a suitable coercive action, appropriate disposition of the proceeds of the bonds can be accomplished. Herein we only declare that, under the instant circumstances, the deceased purchaser of these bonds made a valid inter vivos gift thereof to her husband and the husband (Neglia), not the brother (Sumandra), is the owner of the proceeds of the bonds.

Decree reversed. Each party to pay his own costs.

---

Treasury Department re-issue the aforesaid bonds in . . . [the husband's] name." *Obviously*, this relief cannot be granted.

Riley, Appellant, *v.* Pennsylvania Reading Seashore Lines.

Argued April 28, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

re-argument refused May 25, 1961.

*Mary M. Riley,* appellant, in propria persona.

*Thomas Raeburn White, Jr.,* with him *White & Williams,* for appellee.

OPINION PER CURIAM, May 9, 1961:

The order denying the plaintiff's motion to vacate and set aside the settlement and discontinuance of the above entitled action entered of record in the court below on February 4, 1959, is affirmed.

Kubacki *v.* Citizens Water Company of Washington, Appellant.

